An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER A. DOLLAR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61908

FILED

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court dismissing a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

In his petition filed on May 3, 2012, appellant claimed that he received ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21622

697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that trial counsel failed to have him evaluated for competency before he entered a guilty plea. Appellant asserted that his use of mind-altering drugs caused permanent brain damage, which impaired his ability to understand the proceedings and rendered his plea involuntary. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. At the evidentiary hearing, trial counsel testified that he investigated appellant's background and was aware that appellant had attended special education classes and had a low intelligence quotient. However, counsel did not believe that appellant's competency was in question because appellant communicated with counsel adequately, understood the charges, and assisted counsel with decision-making in his case. Counsel further testified that he was never informed by appellant or appellant's friends or family that appellant had mental health issues or was mentally retarded. While appellant claimed that counsel should have discovered his "documented psychological history" kept by the Social Security Administration, appellant did not claim to have informed counsel of this information nor did appellant explain what the documentation would have shown. Moreover, appellant received significant benefits in pleading guilty—the State dismissed three felonies and merged three felony counts into one count in exchange for his pleading guilty to two felonies. In light

of the record, appellant failed to demonstrate that, but for counsel's alleged errors, he would not have pleaded guilty but would have insisted on going to trial. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that his trial counsel coerced him into pleading guilty by telling him that the plea negotiation was the best deal that he would get. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. In the plea agreement and during the plea canvass, appellant acknowledged that no one had coerced him to plead guilty or promised him a specific sentence and that he was entering a guilty plea voluntarily. Further, as stated above, appellant received a significant benefit in pleading guilty. Thus, appellant did not show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Accordingly, the district court did not err in denying this claim.

Third, appellant claimed that trial counsel failed to notify the district court at sentencing of appellant's drug use and psychological issues. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced, as his claim is belied by the record. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). At sentencing, trial counsel told the district court that appellant had attended special education classes and had problems with drug use. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that appellate counsel failed to comply with the Nevada Rules of Appellate Procedure when filing the fast track statement on direct appeal. Appellant failed to demonstrate prejudice, as this court filed the statement despite its lack of compliance

with the Rules. Therefore, the district court did not err in denying this claim.

Finally, appellant claimed that appellate counsel should have supported the arguments on appeal with sufficient facts and should have argued that the sentencing judge relied on materially untrue assumptions. Appellant failed to set forth specific facts in support of these claims, and thus, he failed to demonstrate that counsel's performance was deficient or that he was prejudiced. *See id.* at 502, 686 P.2d at 225. Therefore, the district court did not err in denying these claims. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Valerie Adair, District Judge
Christopher A. Dollar
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk